## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**Colleen M. Grosso**,<br><br>Debtor. | Chapter 13<br><br>Case No. 13-10297 (BLS) |
| In re:<br><br>**Teresa E. Perez**,<br><br>Debtor. | Chapter 13<br><br>Case No. 13-10301 (BLS) |
| **K.C., a minor, Tamika Chandler, N.W., a minor, and Makeisha Gray**,<br><br>Plaintiff,<br>v.<br>**Colleen M. Grosso and**<br><br>**Teresa E. Perez**,<br><br>Defendants. | Adv. Pro. No. 13-51061 (BLS)<br>Docket Ref. No. 9<br>Adv. Pro. No. 13-51062 (BLS)<br>Docket Ref. No. 7 |

THE ROSNER LAW GROUP LLC
Julia Bettina Klein, Esq.
824 Market Street, Suite 810
Wilmington, DE 19801

*Counsel for Plaintiffs
K.C., a minor, Tamika
Chandler, N.W., a minor, and
Makeisha Gray*

LAW OFFICE OF WILLIAM F. JAWORSKI
William F. Jaworski, Esq.
1274 S. Governors Ave.
Dover, DE 19904

*Counsel for Debtors
Colleen M. Grosso and Teresa
E. Perez*

# OPINION[1]

Before the Court is a Motion to Dismiss brought in each of the above-captioned cases (collectively, the "Motion") [Adv. Pro. No. 13-51061, Adv. Docket No. 9; Adv. Pro. No. 13-51062, Adv. Docket No. 7] by Colleen M. Grosso and Teresa E. Perez ("Debtors" or "Defendants"). Debtors seek to dismiss the adversary proceeding on the theory that because K.C. and N.W. (collectively referred to as the "Plaintiffs") have not yet obtained a judgment against Debtors, their claims cannot be excluded from the Debtors' discharge. The Court concludes that 11 U.S.C. § 1328(a)(4) permits an award for restitution or damages to be entered after a chapter 13 petition has been filed, and therefore the Defendants' Motion to dismiss the adversary proceeding is denied.

## I. JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (J).

## II. STANDARD OF REVIEW

Debtors have filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Bankruptcy Procedure 7012 and Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion aims to test the sufficiency of the factual allegations in a plaintiff's complaint. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). A court's fundamental inquiry in the Rule 12(b)(6) context is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236(1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982).

In light of the U.S. Supreme Court's recent decisions in Twombly and Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Third Circuit recognizes that reviewing a Rule 12(b)(6) motion requires a two-part analysis. Fowler v. UPMC Shadyside, 578

---

[1] "This court is not required to state findings or conclusions when ruling on a motion under Rule 12 . . . ." FED. R. BANKR. P. 7052(a)(3). Accordingly, the Court herein makes no findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

F.3d 203, 210 (3d Cir. 2009). First, the court should separate the factual elements from the legal elements of a claim, accepting the facts and disregarding the legal conclusions. Id. at 210-11. Second, a court should determine whether the remaining well-pled facts sufficiently show that the plaintiff "has a plausible claim for relief." Id. at 211 (quoting Iqbal, 556 U.S. at 679) (internal quotations omitted).

Federal Rule of Civil Procedure 8, applicable here pursuant to Federal Rule of Bankruptcy Procedure 7008, requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 335 U.S. 41, 47 (1957)).

"Matters of statutory construction," however, "are questions of law for the court to decide rather than issues of fact." Lee v. Mitchell, 23 S.W.3d 209, 212 (Tex. App. 2000). Courts may grant motions to dismiss under Rule 12(b)(6) where the facts pled, taken as true, cannot support relief as a matter of law. See Segal v. Geisha NYC, LLC, 517 F.3d 501, 505 (7th Cir. 2008) (adequately pled complaint "might still warrant dismissal under Rule 12(b)(6) if the facts pled cannot result in any plausible relief"); see also British Telecomm. v. SBC Commc'ns, Inc., 2004 WL 5264272, at *3 (D. Del. Feb. 24, 2004) (granting Rule 12(b)(6) motion because "the court cannot honestly say that the facts at bar fit within the meaning of the statute as illuminated by its legislative history").

### III. BACKGROUND

Minors K.C. and N.W., were enrolled at a daycare facility, The Hands of Our Future LLC ("Hands of Our Future"). Teresa Perez and Colleen Grosso were the principals of Hands of Our Future. Plaintiffs allege that on March 6, 2012, certain employees of Hands of Our Future (hereinafter referred to as "Defendants' Employees") forced the minor Plaintiffs into several physical altercations which resulted in the toddlers physically hitting each other.

On November 9, 2012, the Plaintiffs filed a complaint in The Superior Court of the State of Delaware against Hands of Our Future, Debtors and Defendants' Employees. Plaintiffs sought money damages for (a) physical and mental personal injuries arising from battery, assault, false imprisonment, intentional infliction of emotional distress,

negligence, and recklessness; (b) breach of contract; (c) breach of implied and express warranties; and (d) premises liability.

On February 19, 2013, each of the Debtors filed a voluntary petition under chapter 13 of the Bankruptcy Code in this Court. Subsequently, on May 28, 2013, Plaintiffs filed adversary complaints seeking determination of the dischargeability of any debt owed to Plaintiffs on account of actions complained of in the Superior Court pursuant to 11 U.S.C. § 1328(a)(4). On March 14, 2014, Debtors filed their Motions to Dismiss the adversary complaints and on April 21, 2014, Plaintiffs filed their opposition to Debtors' Motion. [Adv. Docket No. 21]. This matter has been fully briefed and is ripe for decision.

## IV. LEGAL ANALYSIS

The Motion requires the Court to determine if a civil action award for restitution or damages must be entered prior to the commencement of a bankruptcy case for a debt to be non-dischargeable under Bankruptcy Code § 1328(a)(4). Section 1328(a)(4) states in relevant part as follows:

> (a) . . . [T]he court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—
> (4) for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual.

11 U.S.C. § 1328(a)(4).

This exception to discharge was recently added to the Bankruptcy Code in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). The court in Parsons v. Byrd (In re Byrd), 388 B.R. 875 (Bankr. C.D. Ill. 2007) was the first bankruptcy court to interpret the exception. In Byrd, a chapter 13 debtor moved to dismiss an adversary proceeding brought by a creditor. Id. at 876. The creditor, a plaintiff in a pending tort action against the debtor, sought to determine that any indebtedness that arose as a result of the civil case would not be dischargeable due to the debtor's willful and malicious conduct during a bar altercation. Id.

After considering the language of the statute and the interpretation and analysis in both *Collier on Bankruptcy* and Judge Lundin's Chapter 13 treatise, the court held that the contingent,

unliquidated debt of the plaintiff was dischargeable. The Court found that since § 1328(a)(4) is worded in the past tense, prior entry of a judgment is a condition to non-dischargeability. Id. at 877. (citing 8 *Collier on Bankruptcy* ¶ 1328.02[3][k] (15th ed. rev. 2006) and Keith M. Lundin, 6 *Chapter 13 Bankruptcy* § 554.1 (3d ed. 2000 & supp 2006)). In granting the debtor's motion to dismiss the adversary proceeding pursuant to § 1328(a)(4), Byrd held that a chapter 13 debtor can discharge a debt for willful or malicious personal injury or death if damages or restitution were not awarded on account of such a claim prior to the petition date. Byrd, 388 B.R. at 877. The bankruptcy court in In re Nuttall, 2007 Bankr. LEXIS 4628 (Bankr. D.N.J. January 11, 2007) reached the same conclusion.

In contrast, the court in Buckley v. Taylor (In re Taylor), 388 B.R. 115, 120 (Bankr. M.D. Pa. 2008) held that a prepetition judgment is not a prerequisite for a claim to be non-dischargeable. In Taylor, an unsecured, disputed debt described as a "pending lawsuit" brought against the debtor for allegedly attacking and injuring the creditor was the subject of a § 1328(a)(4) adversary complaint. Id. at 117. The debtor moved to dismiss the adversary proceeding arguing "§ 1328(a)(4) was inapplicable because a judgment against Debtor was not obtained" prior to the filing of the debtor's chapter 13 bankruptcy petition. Id.

The Taylor court carefully analyzed the grammatical use of the term "awarded" in § 1328(a)(4) to reach this holding and concluded that the statute's scope was not restricted to prepetition judgments.[2] Although Taylor created a split among courts in the interpretation of the statutory text, all subsequent reported decisions have reached the same conclusion as Judge France in the Taylor decision. See Waag v. Permann (In re Waag), 418 B.R. 373 (BAP 9th Cir. 2009).[3]

---

[2] The court found that "awarded" is not being used as a past tense verb, like the term "included" in § 1328(a)(3). Instead, it found the word is being used as a past participial phrase serving as an adjective modifying the nouns "restitution" and "damages". Taylor, 388 B.R. at 119. Therefore, "awarded", as a past participle, does not suggest past action but is "simply the form of the verb used in the phrase." Id.

[3] See also In re Capote, 2012 Bankr. LEXIS 2000 (Bankr. S.D. Fla. May 4, 2012); Adams v. Adams (In re Adams), 478 B.R. 476 (Bankr. N.D. Ga. 2012); Woods v. Roberts (In re Roberts), 431 B.R. 914 (Bankr. S.D. Ind. 2010); United States v. Bailey (In re Bailey), 2013 Bankr. LEXIS 3095 (Bankr. S.D. Ohio July 26, 2013); Kubera v. Edmonds (In re Edmonds), 2011 Bankr. LEXIS 5686 (Bankr. E.D.N.C. Aug. 22, 2011); Morrison v. Harrsch (In re Harrsch), 432 B.R. 169

After considering the competing interpretations in Byrd and Taylor, this Court finds the statutory text of § 1328(a)(4) to be ambiguous. To determine the meaning of the statute, therefore, the Court must look not only to the particular statutory language, but also "to the design of the statute as a whole and its object and policy" intended by Congress. Grogan v. Garner, 498 U.S. 279, 288 n. 13 (1991) (when the apparent meaning of a statutory text contradicts policy, courts should reconcile them)(quoting Crandon v. United States, 494 U.S. 152, 158 (1990)). Consistent with this proposition, the Court looks to companion sections of the Bankruptcy Code where Congress has similarly narrowed the permissible scope of discharge.

Over the years Congress has addressed similar ambiguities with phrasing in § 523(a)(9). The version of the Code in effect in 1984 provided that a discharge "does not discharge an individual debtor from any debt . . . to the extent that such debt arises from a judgment . . . *entered* in a court of record against a debtor wherein liability was . . . a result of the debtor's operation of a motor vehicle while illegally intoxicated . . . " Bankruptcy Amendments and Federal Judgeship Act of 1984, No. 98-353, Stat. 333, 11 U.S.C. § 523 (a)(9) (emphasis added). The 1984 version addresses whether a judgment must be entered prior to the commencement of a case.

When presented with the issue, courts noted "[t]he intent of Congress seems to us most likely to have been that the *debts of*, and not merely the *judgments against*, drunk drivers were henceforth to be exempt from discharge in the driver's Chapter 7 bankruptcy." Taylor, 388 B.R. at 120 (quoting Rose, 86 B.R. at 91 (emphasis in original)). For this reason, several courts held it did not allow a debtor to discharge a liability claim that had not yet been reduced to judgment at the time a bankruptcy petition was filed. See Stackhouse v. Hudson (In re Hudson), 859 F.2d 1418, 1420 (9th Cir. 1988); Young v. Rose (In re Rose), 86 B.R. 86, 91 (Bankr. E.D. Mich. 1988).

In the Crime Control Act of 1990, Congress directly addressed the ambiguity by amending § 523(a)(9) to remove the requirement that a debt be evidenced by judgment and apply the discharge exception to chapter 13 through § 1328(a). 8 *Collier on Bankruptcy* ¶ 523.15 (15th ed. rev. 2006). Subsequent amendments to § 523(a)(9) have continued to

---

(Bankr. E.D. Pa. 2010); Lepore v. Kerner, 2010 U.S. Dist. LEXIS 112590 (D.N.J. Oct. 20, 2010); Miller v. Schaub (In re Schaub), 2012 Bankr. LEXIS 1457 (Bankr. D.N.J. Apr. 4, 2012)(all finding that § 1328(a)(4) does not require a prepetition judgment as a condition to exception from discharge).

expand the exception. Id. Thus, interpreting the statutory text of § 1328(a)(4) to protect a debtor's wrongful conduct based merely on the timing of a petition would not utilize the text for its intended purpose.

Application of the statutory analysis and result in Byrd creates a perverse incentive for debtors, encouraging them to race to the courthouse after behaving badly. Such an outcome achieves a result, in the Court's perception, that is demonstrably at odds with Congress' clear intent in § 1328(a)(4) to prohibit discharge of a debt arising from a debtor's intentional and wrongful conduct. In its comprehensive analysis in Waag, the Ninth Circuit Bankruptcy Appellate Panel specifically noted that a race to the courthouse would "give the debtor a clear advantage since it takes considerably longer to obtain a judgment than it does to file bankruptcy." Waag, 418 B.R. at 380-81 (quoting Hudson, 859 F.2d at 1420). "Adherence to a requirement that a creditor first obtain a 'judgment or consent decree' would effectively nullify the statute." Id. at 381. The interpretation of § 1328(a)(4) embodied in Byrd would encourage tortfeasors to file preemptively for bankruptcy as soon as it became clear they may be civilly accountable for their actions. See generally Waag, 418 B.R. at 381. Therefore, consistent with the holdings in Waag and Taylor, this Court concludes that a claim for liability that has not been reduced to a judgment at the time a debtor files a petition may nevertheless be excepted from discharge pursuant to § 1328(a)(4).

## V. CONCLUSION

For the foregoing reasons, the Court finds an actual award for restitution or damages for willful or malicious injury is not a prerequisite to seeking relief under § 1328(a)(4). Accordingly, the Debtors' motion to dismiss is **DENIED**. An appropriate order follows.

BY THE COURT:

Dated: June 12, 2014
Wilmington, Delaware

Brendan Linehan Shannon
United States Bankruptcy Judge